**DeORCHIS, WIENER & PARTNERS, LLP**
61 Broadway, 26th Floor
New York, New York  10006-2802
(212) 344-4700

Attorneys for Defendant
JET SPEED LOGISTICS (USA), LLC
d/b/a JET SPEED OCEAN LINE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WORLDMARK (SUZHOUZO) CO. LTD.,

               Plaintiff,

        -against-

JET SPEED LOGISTICS (USA), LLC d/b/a JET
SPEED OCEAN LINE,

               Defendant.
------------------------------------------------------------X

07 Civ. 4765 (AKH)

**ANSWER**

      Defendant JET SPEED LOGISTICS (USA), LLC d/b/a JET SPEED OCEAN LINE ("JET SPEED") by and through its attorney, DeOrchis, Wiener & Partners, LLP, in answering Plaintiff's Complaint, alleges upon information and belief as follows:

      1.    Admits the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

      2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

      3.    Admits each and every allegation contained in Paragraph 3 of Plaintiff's Complaint.

      4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.  Admits that on or about June 1, 2006, a consignment of two pallets of polycarbonate film was delivered to Defendant JET SPEED for transportation from Los Angeles, California to Shanghai, China about the M/V VANCOUVER EXPRESS in consideration of an agreed upon freight pursuant to JET SPEED bill of lading number JSLEXP 10300818 dated June 1, 2006, but except as so specifically admitted, denies each and every other allegation contained in Paragraph 5 of the complaint.

6.  Admits each and every allegation contained in Paragraph 6 of Plaintiff's Complaint.

7.  Denies each and every allegation contained in Paragraph 7 of Plaintiff's Complaint.

8.  Denies each and every allegation contained in Paragraph 8 of Plaintiff's Complaint.

9.  Denies each and every allegation contained in Paragraph 9 of of Plaintiff's Complaint.

**AS AND FOR AFFIRMATIVE DEFENSES TO THE CLAIMS
SET FORTH IN THE COMPLAINT, DEFENDANT
JET SPEED LOGISTICS (USA) LLC d/b/a JET SPEED OCEAN LINE
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:**

*First Affirmative Defense*

10. The maximum liability of Defendant, if any, is $500 per package or per customary freight unit for goods not in packages as agreed in the provisions of the bill of lading and pursuant to the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. § 1304(5).

### *Second Affirmative Defense*

11. The shipment described in Plaintiff's Complaint is subject to all the terms, conditions and exceptions contained in a certain bill of lading then and there issued therefor, by which the shippers and consignees of said bill of lading agreed to be and are bound. Any shortage, loss and/or damage to the shipment, which Defendant expressly denies, was due to causes for which the Defendant is not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act, 46 U.S.C. 1300 *et seq.,* approved April 16, 1936, and/or the Harter Act, and/or the provisions of the bill of lading, and/or the General Maritime Law and/or applicable foreign law.

### *Third Affirmative Defense*

12. Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the ship in which goods are carried, fit and safe for their reception, carriage and preservation.

### *Fourth Affirmative Defense*

13. If the goods were damaged, which Defendant expressly denies, the damage was caused by or due to insufficiency of packaging or inadequacy of marks for which the Defendant is not liable pursuant to §§ 1304(2)(n) and (o) of the Carriage of Goods by Sea Act and by the terms of the contract of carriage.

### *Fifth Affirmative Defense*

14. Any damage to the goods, which is expressly denied, was caused by, due to, or contributed to by inherent defect, quality or vice of the goods for which the Defendant is not liable pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(m) and by the terms of the contract of carriage.

### *Sixth Affirmative Defense*

15. Plaintiff has failed to reasonably mitigate its damages.

### *Seventh Affirmative Defense*

16. Any damage to the goods, which is expressly denied, was caused by, due to or contributed to by an act or omission of the shipper or owner of the goods for which the Defendant is not liable pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(i) and by the terms of the contract of carriage.

### *Eighth Affirmative Defense*

17. The complaint fails to state a claim upon which relief may be granted.

### *Ninth Affirmative Defense*

18. Defendant is an agent for a disclosed principal.

### *Tenth Affirmative Defense*

19. The venue of this matter is improperly placed in this District.

### *Eleventh Affirmative Defense*

20. This District is an inconvenient forum for a trial of this action and should, therefore, be dismissed.

### *Twelfth Affirmative Defense*

21. This Honorable Court lacks *in personam* jurisdiction over Defendant by reason of the insufficiency of service of process.

### *Thirteenth Affirmative Defense*

22. This Honorable Court lacks *in personam* jurisdiction over Defendant by reason of the fact that the Defendant lacks sufficient contacts to be amenable to jurisdiction.

### *Fourteenth Affirmative Defense*

23.     If the goods were lost and/or damaged, which is expressly denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Plaintiff and/or its agents.

### *Fifteenth Affirmative Defense*

24.     Plaintiff is not a real party in interest.

### *Sixteenth Affirmative Defense*

25.     If Plaintiff's cargo suffered any loss or damage, which Defendant expressly denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable pursuant to the provisions of the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(q).

### *Seventeenth Affirmative Defense*

26.     This Honorable Court lacks subject matter jurisdiction by reason of Plaintiff's failure to join an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure, to wit: the ocean carrier.

### *Eighteenth Affirmative Defense*

27.     If Plaintiff's cargo suffered any loss or damage, which Defendant expressly denies, said loss or damage was caused by a peril, danger or accident of the sea or other navigable waters for which the carrier is not liable pursuant to the provision of the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(c).

### *Nineteenth Affirmative Defense*

28. The goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver/consignee as when received by Defendant because Plaintiff did not give timely written notice of loss or damage under the provisions of the bill of lading and as required by the Carriage of Goods by Sea Act, 46 U.S.C. §1303(6).

### *Twentieth Affirmative Defense*

29. The goods were lost and/or damaged as a result of an Act of God for which the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(d) and by the terms of the contract of carriage.

### *Twenty-First Affirmative Defense*

30. If the goods were lost and/or damaged, which is expressly denied, the loss and/or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the carrier in the navigation or in the management of the ship, and the carrier is not liable pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(a).

WHEREFORE, Defendant JET SPEED LOGISTICS (USA), LLC d/b/a JET SPEED OCEAN LINE, demands judgment dismissing the Complaint herein, together with costs and disbursements of this action, and for such other and further relief as in the premises may be just and proper.

Dated: New York, New York
       June 29, 2007

                                  **DeORCHIS, WIENER & PARTNERS, LLP**
                                  Attorneys for Defendant
                                  JET SPEED LOGISTICS (USA), LLC d/b/a JET SPEED OCEAN LINE,

                                  By:   /s/ Christopher H. Mansuy
                                      **Christopher H. Mansuy (CM-0813)**
                                      61 Broadway, 26th Floor
                                      New York, New York  10006-2802
                                      (212) 344-4700
                                      Our File:  876-10

W:\876-10\Legals\Answer, 06-29-07, Chm.Doc 6/29/07-lc

T O :

CASEY & BARNETT, LLC
Attorneys for Plaintiff
317 Madison Avenue, 21st Floor
New York, New York  10017
Attention:  Christopher H. Schierloh, Esq.

7