**DeOrchis, Wiener & Partners, LLP**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Defendant/Third-Party Plaintiff
JET SPEED LOGISTICS (USA), LLC
d/b/a JET SPEED OCEAN LINE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WORLDMARK (SUZHOUZO) CO. LTD.,

                    Plaintiff,

-against-

JET SPEED LOGISTICS (USA), LLC d/b/a JET
SPEED OCEAN LINE,

                    Defendant.
------------------------------------------------------------------X
JET SPEED LOGISTICS (USA), LLC d/b/a JET
SPEED OCEAN LINE,

                    Defendant/Third-Party
                    Plaintiff,

-against-

DIRECT CONTAINER LINE d/b/a DCL HONG
KONG LIMITED,

                    Third- Party Defendant.

------------------------------------------------------------------X

07 Civ. 4765 (AKH)

**THIRD-PARTY**
**COMPLAINT**



      Defendant/Third-Party Plaintiff JET SPEED OCEAN LINE, a division of JET SPEED LOGISTICS (USA), LLC ("JET SPEED") by its attorneys DeOrchis, Wiener & Partners, LLP as and for a Third-Party Complaint against Third-Party Defendant DCL HONG KONG

LIMITED, d/b/a DIRECT CONTAINER LINE ("DCL"), alleges upon information and belief as follows:

1. Plaintiff WORLDMARK (SUZHOUZO) CO. LTD. has caused a Summons and Complaint to be filed in the U.S. District Court for the Southern District of New York, a copy of which is attached hereto as Exhibit A.

2. Defendant/Third Party Plaintiff JET SPEED LOGISTICS (USA), LLC d/b/a JET SPEED OCEAN LINE, served an Answer to Plaintiff's Complaint, a copy of which is annexed hereto as Exhibit B.

3. Third-Party Plaintiff was and is a corporation or other business entity organized and existing under and by virtue of the laws of one of the states of the United States with an office and place of business at 1555 Mitell Blvd., Suite M, Wood Dale, Illinois.

4. Third-Party Defendant DCL HONG KONG LIMITED, d/b/a DIRECT CONTAINER LINE was and is a business entity organized and existing under and by virtue of the laws of a foreign country with offices and places of business at 36/F Vicwood Plaza, 199 Des Voeux Road Central, Hong Kong, and 300 Middlesex Avenue, Cartaret, New Jersey.

5. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 U.S.C. § 1333 as more fully appears hereinafter.

6. If any losses were sustained by Plaintiff as alleged in the Complaint, which Defendant/Third-Party Plaintiff specifically denies, said losses were caused by or due to or contributed to by the default, negligence, carelessness, omissions, fault, breach of duty as bailee, breach of bill of lading contract no. CHI/SHGD13118 dated May 27, 2006, breach of warranty, unseaworthiness or failure to exercise due diligence to provide a seaworthy vessel and container by Third-Party Defendant.

7.    In light of the premises, Third-Party Defendant is and should be adjudged directly liable to Plaintiff pursuant to the provisions of Federal Rule of Civil Procedure 14(c).

8.    If any liability shall be imposed upon Defendant JET SPEED in favor of the Plaintiff, then Third-Party Plaintiff JET SPEED should be awarded damages against Third-Party Defendant by way of indemnification and/or contribution by reason of Plaintiff's breach of a legal duty together with costs, disbursements and reasonable attorneys' fees.

WHEREFORE, Third-Party Plaintiff JET SPEED prays:

(a)    That judgment be granted in favor of Plaintiff directly against Third-Party Defendant DCL

(b)    That Third-Party Plaintiff JET SPEED, if it be found liable to Plaintiff, be granted indemnity and/or contribution from Third-Party Defendant JET SPEED for the entire amount for which Third-Party Plaintiff may be found liable to Plaintiff.

(c)    That Third-Party Plaintiff JET SPEED be granted such other and further relief as to the Court may seem just and proper in the circumstances, including all costs, attorneys' fees and disbursements incurred herein.

Dated:  New York, New York
          June 29, 2007

                      DeORCHIS, WIENER & PARTNERS, LLP
                      Attorney for Defendant/Third-Party Plaintiff
                      JET SPEED LOGISTICS (USA), LLC d/b/a JET SPEED OCEAN LINE,

By: _____
Christopher H. Mansuy (CM-0813)
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700
Our File: 876-10

T O :

CASEY & BARNETT, LLC
Attorneys for Plaintiff
317 Madison Avenue, 21st Floor
New York, New York  10017
Attention:  Christopher H. Schierloh, Esq.

DIRECT CONTAINER LINE d/b/a
DCL HONG KONG LIMITED
36/F Vicwood Plaza
199 Des Voeux Road Central
Hong Kong
      and
300 Middlesex Avenue
Cartaret, New Jersey

4

**Judge Hellerstein**

07 CV 4765

Christopher M. Schierloh (CS6644)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
WORLDMARK (SUZHOUZO) CO, LTD.,

         Plaintiff,

   - against -

JET SPEED LOGISTICS (USA), LLC d/b/a JET
SPEED OCEAN LINE,

         Defendant.
----------------------------------------X

JUN 0 5 2007

07 Civ.

COMPLAINT

    Plaintiff, by its attorneys, CASEY & BARNETT, LLC, as and for its Complaint, alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. § 1333.

    2.    Plaintiff, WORLDMARK (SUZHOUZO) CO, LTD., is a corporation with a place of business located at 13 Bae He Street, Suzhou, 215021, China, and is the owner of a consignment of polyester film loaded aboard the M/V VANCOUVER EXPRESS, as more fully described below.

    3.    Defendant, JET SPEED LOGISTICS (USA) LLC d/b/a JET SPEED OCEAN LINE, (hereinafter "JET SPEED"), is a corporation, or other type of business organization, with a place of business located at 1555 Mittel Boulevard, Suite M, Wood Dale, Illinois

Exh. A

and is doing business in this jurisdiction directly and/or through an agent, and at all times acting in the capacity of a non vessel owning common carrier (NVOCC).

4. Plaintiff was the owner and assured of the consignment hereinbelow described and brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

5. On or about June 1, 2006, a consignment of 44 rolls of polycarbonate film, then being in good order and condition, was delivered into the custody and control of defendant, Jet Speed, for transportation from Los Angeles, California to Shanghai, China aboard the M/V VANCOUVER EXPRESS in consideration of an agreed upon freight, pursuant to Sea Speed bill of lading number JSLEXP 10300818, dated June 1, 2006.

6. On, or about June 1, 2006, the consignment of polycarbonate film was loaded aboard the M/V VANCOUVER EXPRESS in Los Angeles, California and the vessel sailed for its intended destination.

7. On or about July 4, 2006, the aforementioned consignment was picked up by plaintiff's customs broker in Shanghai, whereupon, it was discovered that 32 rolls were stained and physically damaged.

8. The damages to the aforementioned rolls of film did not result from any act or omission on the part of plaintiff, but to the contrary, was the result in whole or in part, of the negligence and/or fault and/or breach of contract and/or breach of bailment by the defendant.

9. By reason of the foregoing, Plaintiff has been damaged in the amount of $17,000, no part of which has been paid, although duly demanded.

WHEREFORE, Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
June 1, 2007
115-835

                              CASEY & BARNETT, LLC
                              Attorneys for Plaintiff

By: *[signature]*
Christopher M. Schierloh (CS-6644)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225

3

**DeOrchis, Wiener & Partners, LLP**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Defendant
JET SPEED LOGISTICS (USA), LLC
d/b/a JET SPEED OCEAN LINE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WORLDMARK (SUZHOUZO) CO. LTD.,

    Plaintiff,

  -against-

JET SPEED LOGISTICS (USA), LLC d/b/a JET
SPEED OCEAN LINE,

    Defendant.
------------------------------------------------------------X

07 Civ. 4765 (AKH)

**ANSWER**

  Defendant JET SPEED LOGISTICS (USA), LLC d/b/a JET SPEED OCEAN LINE ("JET SPEED") by and through its attorney, DeOrchis, Wiener & Partners, LLP, in answering Plaintiff's Complaint, alleges upon information and belief as follows:

  1. Admits the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

  2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

  3. Admits each and every allegation contained in Paragraph 3 of Plaintiff's Complaint.

  4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.



Exh B.

5.  Admits that on or about June 1, 2006, a consignment of two pallets of polycarbonate film was delivered to Defendant JET SPEED for transportation from Los Angeles, California to Shanghai, China about the M/V VANCOUVER EXPRESS in consideration of an agreed upon freight pursuant to JET SPEED bill of lading number JSLEXP 10300818 dated June 1, 2006, but except as so specifically admitted, denies each and every other allegation contained in Paragraph 5 of the complaint.

6.  Admits each and every allegation contained in Paragraph 6 of Plaintiff's Complaint.

7.  Denies each and every allegation contained in Paragraph 7 of Plaintiff's Complaint.

8.  Denies each and every allegation contained in Paragraph 8 of Plaintiff's Complaint.

9.  Denies each and every allegation contained in Paragraph 9 of of Plaintiff's Complaint.

**AS AND FOR AFFIRMATIVE DEFENSES TO THE CLAIMS
SET FORTH IN THE COMPLAINT, DEFENDANT
JET SPEED LOGISTICS (USA) LLC d/b/a JET SPEED OCEAN LINE
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:**

*First Affirmative Defense*

10. The maximum liability of Defendant, if any, is $500 per package or per customary freight unit for goods not in packages as agreed in the provisions of the bill of lading and pursuant to the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. § 1304(5).

## Second Affirmative Defense

11. The shipment described in Plaintiff's Complaint is subject to all the terms, conditions and exceptions contained in a certain bill of lading then and there issued therefor, by which the shippers and consignees of said bill of lading agreed to be and are bound. Any shortage, loss and/or damage to the shipment, which Defendant expressly denies, was due to causes for which the Defendant is not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act, 46 U.S.C. 1300 *et seq.*, approved April 16, 1936, and/or the Harter Act, and/or the provisions of the bill of lading, and/or the General Maritime Law and/or applicable foreign law.

## Third Affirmative Defense

12. Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the ship in which goods are carried, fit and safe for their reception, carriage and preservation.

## Fourth Affirmative Defense

13. If the goods were damaged, which Defendant expressly denies, the damage was caused by or due to insufficiency of packaging or inadequacy of marks for which the Defendant is not liable pursuant to §§ 1304(2)(n) and (o) of the Carriage of Goods by Sea Act and by the terms of the contract of carriage.

## Fifth Affirmative Defense

14. Any damage to the goods, which is expressly denied, was caused by, due to, or contributed to by inherent defect, quality or vice of the goods for which the Defendant is not liable pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(m) and by the terms of the contract of carriage.

3

### Sixth Affirmative Defense

15. Plaintiff has failed to reasonably mitigate its damages.

### Seventh Affirmative Defense

16. Any damage to the goods, which is expressly denied, was caused by, due to or contributed to by an act or omission of the shipper or owner of the goods for which the Defendant is not liable pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(i) and by the terms of the contract of carriage.

### Eighth Affirmative Defense

17. The complaint fails to state a claim upon which relief may be granted.

### Ninth Affirmative Defense

18. Defendant is an agent for a disclosed principal.

### Tenth Affirmative Defense

19. The venue of this matter is improperly placed in this District.

### Eleventh Affirmative Defense

20. This District is an inconvenient forum for a trial of this action and should, therefore, be dismissed.

### Twelfth Affirmative Defense

21. This Honorable Court lacks *in personam* jurisdiction over Defendant by reason of the insufficiency of service of process.

### Thirteenth Affirmative Defense

22. This Honorable Court lacks *in personam* jurisdiction over Defendant by reason of the fact that the Defendant lacks sufficient contacts to be amenable to jurisdiction.

### *Fourteenth Affirmative Defense*

23. If the goods were lost and/or damaged, which is expressly denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Plaintiff and/or its agents.

### *Fifteenth Affirmative Defense*

24. Plaintiff is not a real party in interest.

### *Sixteenth Affirmative Defense*

25. If Plaintiff's cargo suffered any loss or damage, which Defendant expressly denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable pursuant to the provisions of the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(q).

### *Seventeenth Affirmative Defense*

26. This Honorable Court lacks subject matter jurisdiction by reason of Plaintiff's failure to join an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure, to wit: the ocean carrier.

### *Eighteenth Affirmative Defense*

27. If Plaintiff's cargo suffered any loss or damage, which Defendant expressly denies, said loss or damage was caused by a peril, danger or accident of the sea or other navigable waters for which the carrier is not liable pursuant to the provision of the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(c).

### *Nineteenth Affirmative Defense*

28. The goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver/consignee as when received by Defendant because Plaintiff did not give timely written notice of loss or damage under the provisions of the bill of lading and as required by the Carriage of Goods by Sea Act, 46 U.S.C. §1303(6).

### *Twentieth Affirmative Defense*

29. The goods were lost and/or damaged as a result of an Act of God for which the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(d) and by the terms of the contract of carriage.

### *Twenty-First Affirmative Defense*

30. If the goods were lost and/or damaged, which is expressly denied, the loss and/or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the carrier in the navigation or in the management of the ship, and the carrier is not liable pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(a).

WHEREFORE, Defendant JET SPEED LOGISTICS (USA), LLC d/b/a JET SPEED OCEAN LINE, demands judgment dismissing the Complaint herein, together with costs and disbursements of this action, and for such other and further relief as in the premises may be just and proper.

Dated: New York, New York
June 29, 2007

DeORCHIS, WIENER & PARTNERS, LLP
Attorneys for Defendant
JET SPEED LOGISTICS (USA), LLC d/b/a JET SPEED OCEAN LINE,

By: /s/ Christopher H. Mansuy
**Christopher H. Mansuy (CM-0813)**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700
Our File: 876-10

W:\876-10\Legals\Answer, 06-29-07, Chm.Doc 6/29/07-lc

TO:

CASEY & BARNETT, LLC
Attorneys for Plaintiff
317 Madison Avenue, 21st Floor
New York, New York 10017
Attention: Christopher H. Schierloh, Esq.